SAVRANSKY v HURWITZ, Exrx, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9098. Decided Jan 21, 1929

Joseph H Mellen, Cleveland, for Savransky.

E J Thobaben, Cleveland, for Hurwitz.

MIDDLETON, PJ.

The evidence tends to show that the money which the plaintiff placed in the hands of Hurwitz was received by the latter on or about May the 1st, 1923, and that on the third day of said month Hurwitz consummated a contract for the purchase of said real estate and that some of the money so received by Hurwitz was used in payment for said land. Approximately this amount was about Eight Hundred Dollars.

It appears, however, that at the time Hurwitz made a contract for the purchase of the property in question, he procured a loan for his wife in the amount of Fifteen Hundred Dollars, and that his wife signed the note evidencing such loan, under the impression, we think, that such money was to be applied in the purchase of said real estate. This transaction occurred on the 23rd day of April. It appears further, from the evidence that, in order to consummate the purchase of said real estate, a mortgage thereon for Four Thousand Eight Hundred Dollars was assumed as part payment, and a second mortgage in the amount of Two Thousand Dollars was procured in the name of the wife, which was also applied to the payment of the real estate aforesaid.

While it is true that said real estate was conveyed to the wife, it is also shown that with the exception of Three Hundred Dollars, which was put up as a guarantee for the performance of the contract for the sale of said real estate when said contract was made and which was subsequently applied to the purchase money, the wife, who is the defendant, liquidated the balance of the purchase money including the note for Fifteen Hundred Dollars aforesaid, and the second mortgage for Two Thousand Dollars. By reason of these circumstances it results in establishing that Hurwitz, against whom this trust is sought to be enforced, never had more than Three Hundred Dollars of his personal property or money invested in the transaction.

We think the evidence shows that the defendant Jennie Hurwitz paid small amounts on her note for Fifteen Hundred Dollars until the death of her husband, and that after the death of her husband she discharged the remaining indebtedness due on the real estate, except the first mortgage, from monies received by her under life insurance policies of her husband made in her favor.

Considering the evidence, therefore, in its entirety, it is apparent, we think, that the wife was a bona fide purchaser of said real estate; that when the sale was consummated she, in good faith, believed that the money for which she had given a note was used in payment therefor, and that she had no notice of any fact that would indicate that any of the plaintiff's money was appropriated by her husband and applied to the payment of said real estate.

Under these facts, the equities of the defendant are superior to those of the plaintiff, and the case is not one for the application of the rule which follows where a resulting trust is declared.

Finding is for the defendant, and a decree may be entered the same as was made in the Court of Common Pleas.

Mauck and Farr, JJ, concur.